# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 12:26 pm, Nov 22, 2011

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 11 Case |
| BRAMPTON PLANTATION, LLC ) | |
| ) | Number 10-40963 |
| *Debtor* ) | |

## ORDER ON DEBTOR'S MOTION FOR STAY PENDING APPEAL

This matter is before the Court on Debtor's Emergency Motion for Stay Pending Interlocutory Appeal or, in the Alternative, for Temporary Stay Pending Presentation to Appellate Court ("Debtor's Motion"). Dckt. No. 184. Debtor filed its Chapter 11 case on May 3, 2010. As outlined previously, Debtor's only asset consists of an approximately 91 acre parcel of property located near historic downtown Savannah on Hutchinson Island, known as "The Reserve" (hereinafter the "Property"). Debtor was indebted to Branch Banking and Trust Company ("BB&T") in the amount of $25,292,009.53, and this debt was secured by the Property. BB&T subsequently sold its notes, deeds to secure debt, and related rights to German American Capital Company ("GAC").

This Court conducted a valuation hearing on July 22, 2011, to determine the value of the Property, wherein two expert appraisers[1] provided reports and

---

[1] GAC produced the opinion of Joel Crisler, MAI of Crisler/Morrison Company. He appraised the Property for a value of $4,233,000.00 (hereinafter the "Crisler Appraisal"). Debtor produced the opinion of Clayton Weibel, MAI of Weibel and Associates, who appraised the Property for a value of $32,180,000.00 (hereinafter the "Weibel Appraisal").

testimony on the Property's fair market value. After considering this evidence, this Court concluded that the Property should be valued at $4,233,000.00. Dckt. No. 162. On September 26, 2011, Debtor filed a Motion to Permit Interlocutory Appeal of the Valuation Order. Dckt. No. 169.[2] On October 7, 2011, GAC filed an Opposition to Debtor's Motion to Permit Interlocutory Appeal. On October 26, 2011, this Court transmitted Debtor's Motion to Permit Interlocutory Appeal and GAC's Motion in Opposition to the United States District Court for the Southern District of Georgia (the "District Court"). The case has been docketed as Case Number 4:11-cv-00270-BAE-GRS. The District Court has not yet ruled on this matter.

Debtor's present motion requests the Court to stay the Valuation Order and had requested the Court to stay the hearing scheduled for November 16, 2011, pursuant to Federal Rule of Bankruptcy Procedure 8005. In the alternative, Debtor requests that the Court enter a temporary stay to allow Debtor to directly seek a stay from the District Court. Despite the pendency of this motion, I conducted the November 16, 2011, hearing, and so I now construe the motion as requesting that I withhold a ruling pending District Court action.

---

[2] On September 27, 2011, Debtor filed an Amended Motion to Permit Interlocutory Appeal of the Valuation Order. Dckt. No. 172.

## CONCLUSIONS OF LAW

Rule 8005 states that a "bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." A stay pending appeal is an "exceptional response granted only upon a showing of four factors." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). To obtain a stay, Debtor must show that: 1) Debtor is likely to prevail on the merits on appeal; 2) Debtor will suffer irreparable damage absent a stay; 3) other parties will not suffer substantial harm from the issuance of the stay; and 4) the issuance of a stay will serve, rather than disserve, the public interest. Id.; *In re McKenzie*, 2009 WL 6400259 (Bankr. N.D.Ga. November 2, 2009); *In re Arnal*, 2003 WL 22709326 (Bankr. S.D.Ga. July 30, 2003); *In re McIntyre Building Co. Inc.*, 2011 WL 1434691 (Bankr. M.D.Ala. April 14, 2011).

The first factor, likelihood of an appeal's success, is the most important. *In re Williamson*, 414 B.R. 892, 894 (Bankr. S.D.Ga. 2009). Debtor must show that likelihood of success on the merits is "probable." Id. This is a high standard, and requires Debtor to demonstrate that the Court was "clearly erroneous" in its decision. Id.; *Arnal*, 2003 WL 22709326 at *3. Only when factors two through four weigh heavily in favor of granting a stay, may the standard for likelihood of success be lowered to a "substantial case on the merits." *Williamson*, 414 B.R. at 894; *Garcia-Mir*, 781 F.2d at 1453; see also *McIntyre Building Co., Inc.*, 2011 WL 1434691 at *4.

Debtor has not met its burden of showing a "probable" likelihood of success on the merits on appeal. Furthermore, Debtor cannot show even a "substantial case on the merits." Debtor has failed to demonstrate that this Court's findings in the Valuation Order were clearly erroneous. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *U.S. v. Oregon St. Med. Soc'y*, 343 U.S. 326, 329 (1952).

Where an appeal regards a question of fact, a movant usually fails to prove the first element of likelihood of success on the merits. *Cullwell v. Texas Equipment Co., Inc. (In re Texas Equipment Co., Inc.)*, 283 B.R. 222, 227 (Bankr. N.D.Tex. 2002). Conversely, with regard to questions of law, particularly questions involving the application of law, or where the law has not been definitively addressed by a higher court, a movant is more likely to satisfy the first element. Id. (noting that "when the issue appealed is mostly a factual question over which the bankruptcy court has broad discretion, such discretion is unlikely to be overturned on appeal").

Here, by Debtor's own admission, the valuation is "more of a factual determination rather than a controlling issue of law."[3] See Dckt. No. 172 at 9. The Court,

---

[3] While Debtor also argues that the valuation could implicate an element of proof under 11 U.S.C. § 362(g)(1) and thus be considered a question of law, many cases have concluded that a property valuation is a question of fact. See, e.g., *Est. Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994) ("valuation is a question of fact, and can be overturned on appeal only if clearly erroneous"); see also *In re Vitreous Steel Products Company*, 911 F.2d 1223, 1232 (7th Cir. 1990); *In re Humble*, 19 Fed.Appx. 198, 200

as factfinder in this case, considered all the evidence presented and weighed its credibility and significance appropriately. Additionally, "real estate appraising is anything but an exact science and the variables affecting the value of [unique property] produce a relatively broad range between the high and low limits of clear error." *In re TK-USA, Inc.*, 1999 WL 684141 at *2 (5th Cir. August 11, 1999). Thus, the Court's valuation is not likely to be deemed clearly erroneous.

Debtor's arguments also cannot support even a substantial case on the merits. Debtor argues that the Court's "clear mistake" was principally made when the Court apparently failed to "reconcile the approximate costs expended in acquiring and developing the Property since 2003 of approximately $43,000,000.00 with the Crisler appraisal valuation of $4,233,000.00." This point was amply addressed, however. The Court's order explained that the market will only pay fair market value for the Property, regardless of the amount Debtor chose to spend on the land and infrastructure.

Debtor also argues in its Motion for Stay Pending Appeal that BB&T's proof of claim of approximately $25,000,000.00 is evidence that the Property could not possibly be worth $4,233,000.00 as "no reputable bank . . . would advance funds so disproportionate to the value of the property." Dckt. No. 184 at ¶ 26. However, BB&T advanced those funds in 2005, well before the market crash and at a time when the Property

---

(6th Cir. 2001) (finding that a bankruptcy court's property valuation was a question of fact).

was certainly worth more than $4,233,000.00. A proof of claim for an amount advanced at a time when the Property was worth substantially more is not evidence of the Property's value now.

The majority of the questions Debtor raises on appeal in its Motion to Permit Interlocutory Appeal suggest that the Court "failed to consider" certain evidence. Dckt. No. 172 at 6-7. Likewise, in Debtor's Motion for Stay Pending Appeal, Debtor notes the "lack of the Bankruptcy Court's mention" of particular evidence in its order. Dckt. No. 184 at ¶ 29. The Court set out three primary reasons behind its decision in the Valuation Order. However, the fact that the order pinpointed what it found to be the *most* persuasive evidence does not lead to the conclusion that the Court failed to consider additional evidence presented. Debtor seems to suggest that the Court must specifically identify all of the evidence it considered and explain every reason behind the Court's ruling. The fact is, each order would be hundreds of pages if the Court went through every line of testimony and each exhibit presented and explained why the Court found it compelling or not.

Suffice it to say, the Court considered and weighed all of the evidence, including the evidence Debtor's Motion argues the Court has ignored, but found the evidence supporting the Weibel Appraisal to be unpersuasive. The parties presented the Court with two widely disparate appraisals and did not provide evidence that would allow the Court to make a finding of a value between the two. Based on all of the evidence, the Court determined that the Crisler Appraisal was more persuasive.

Even if Debtor could be said to have a "substantial case on the merits," not all of the other three factors weigh "heavily" in favor of granting a stay, and so the "probable likelihood of success on the merits" standard cannot be reduced to the lesser burden. The third element, that a grant of stay pending appeal must not cause substantial harm to other parties, does not weigh heavily in favor of the Debtor. Debtor's Motion argues that GAC purchased BB&T's debt at a discount knowing that there was the possibility of protracted litigation. Debtor contends that this means that GAC cannot be substantially harmed by the stay pending appeal. The Court disagrees. Debtor cites no case support for this contention, and the Court finds that when GAC purchased BB&T's debt, it purchased BB&T's position in the case. Thus, where BB&T might have been substantially harmed by further delay, GAC likewise is substantially harmed. This case has been pending for eighteen months, and further delay will continue to prevent GAC from foreclosing on its interest. GAC has already paid 1.4 million dollars in taxes on the Property because Debtor has no ability to do so, and taxes continue to accrue. Thus, the Court cannot say that GAC will not be substantially harmed if this stay pending appeal is granted.

Debtor also asserts that the Public Interest is not a consideration in this case. While this case does involve a dispute between two private parties, the public interest may be best served by the speedy and efficient resolution of a case. See *In re Brumlik*, 132 B.R. 495, 499 (Bankr. M.D.Ga. 1991); see also *In re Bob Hamilton Real Est., Inc.*, 164 B.R. 703, 705 (Bankr. M.D.Fla. 1994) (determining that the public interest did not favor granting a stay

because "the estate must be administered expeditiously"). Therefore, this factor does not weigh heavily in favor of granting a stay.

Consequently, the Court finds that there is insufficient support among the other three factors to reduce Debtor's burden to "substantial case on the merits." Because Debtor has not met the burden of showing that it is likely to succeed on the merits on appeal, Debtor's Motion must be denied.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtor's Emergency Motion for Stay Pending Interlocutory Appeal or in the Alternative for Temporary Stay Pending Presentation to Appellate Court is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 21st day of November, 2011.